[Civ. No. 11174. Fourth Dist., Div. One. Aug. 24, 1972.]

RALPH D'ADAMO, Plaintiff and Respondent, v.
HELEN COBB et al., Defendants and Appellants.

## COUNSEL

John W. Witt, City Attorney, and Robert S. Teaze, Assistant City Attorney, for Defendants and Appellants.

Harold F. Tyvoll and Mary E. Harvey for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—The mayor, councilmen and clerk of the City of San Diego appeal a judgment mandating the City to equalize its councilmanic districts according to population, on the ground the City Charter violates the equal protection clause (U.S. Const., Amend. XIV).

The San Diego City Charter provides for eight councilmanic districts as nearly equal in registered voter population as practicable, and as geographically compact as possible. Each of eight councilmen represents one district. Each must live in the district he represents. At a municipal primary election the voters of each district select two candidates for the office of councilman. At a general municipal election the voters of the entire city choose one of these two candidates.

Because it is based on registered voter population this system has created districts with large variances in total population:

| DISTRICT | POPULATION April 1, 1969 | REGISTERED VOTERS June 12, 1969 |
|:---:|:---:|:---:|
| 1 | 76,810 | 33,499 |
| 2 | 125,060 | 32,241 |
| 3 | 67,030 | 32,532 |
| 4 | 123,270 | 32,526 |
| 5 | 92,590 | 31,149 |
| 6 | 67,050 | 30,586 |
| 7 | 66,360 | 30,734 |
| 8 | 81,930 | 31,587 |
| TOTAL | 700,100 | 254,854 |

■ The City maintains its election system is constitutionally valid because the superior court did not find it resulted in unfair discrimination. Although the United States Supreme Court has indicated a system of apportionment which is invidious, or contains a built-in bias, will fall before the equal protection clause (*Reynolds* v. *Sims,* 377 U.S. 533, 561 [12 L.Ed. 2d 506, 526-527, 84 S.Ct. 1362]; see *Calderon* v. *City of Los Angeles,* 4 Cal.3d 251, 270, fn. 26 [93 Cal.Rptr. 361, 481 P.2d 489]), this is not the only constitutional test an apportionment plan must face. An absence of unfair discrimination in a plan will not justify a failure to equally apportion on the basis of population (*Abate* v. *Mundt,* 403 U.S. 182, 186 [29 L.Ed.2d 399, 403, 91 S.Ct. 1904, 1907]).

■ The equal protection clause invalidates state plans of representative government which result in disproportionate representation (*Reynolds* v. *Sims, supra,* 377 U.S. 533, 564-565, 567, fn. 43 [12 L.Ed.2d 506, 528-529, 530]). This applies to cities as well as states, and prevents adoption of a plan of apportionment based on any criteria other than population, unless the effect of the plan will be to create districts containing roughly equal numbers of people (*Calderon* v. *City of Los Angeles, supra,* 4 Cal.3d 251, 253-254).

The most populous district of San Diego (District 2) has nearly twice the population of the least populous (District 7). The City maintains there is no violation of the equal protection clause, since electing councilmen on a city-wide basis makes each councilman a representative not of his own district, but of the entire city. The trial court, however, found each councilman represents the district from which he is nominated. Each

councilman must be nominated before he may run for election or reelection, and for this reason he will, after attaining office, look more to the needs of his own district than to those of the city at large. Each councilman, then, is more the representative of his own district than the city as a whole. Those persons in San Diego who live in smaller population districts, therefore, are afforded greater representation on the council than those of larger districts, in violation of the equal protection clause. Assuming, as the City contends, each councilman represents all the citizens of San Diego equally, the system nevertheless violates the equal protection clause. All who participate in an election within a geographical unit of representation should have an equal vote. All procedures, including nominating procedures, making up the electoral process must pass constitutional muster (*Moore* v. *Ogilvie,* 394 U.S. 814, 817-818 [23 L.Ed.2d 1, 5-6, 89 S.Ct. 1493]). The nomination of candidates by voters of unequal-sized districts violates this requirement, since a citizen of a smaller district has a greater voice in the nominating process than does a citizen of a larger district.[1] As long as the City continues to use the districts to nominate candidates for the council, they must be equally apportioned on the basis of population.

The City claims apportionment of its districts by population will deny certain minorities the representation they deserve. The City argues these minorities have a large population to registerd voter ratio, compared to the rest of the city, and therefore the districts populated primarily by these minorities, if equal in population to the other districts, will contain relatively fewer registered voters. Once a councilman is elected, the City maintains he will tend to concentrate his attention on those districts with greater numbers of voters. This argument ignores the obvious results of allowing the voters of each district to nominate the candidates for the council. If the people of a district containing relatively fewer voters do not receive proper or adequate service from their councilman, the voters may simply refuse to renominate him at the end of his term. No matter what the sentiment of the rest of the city, a councilman who is not renominated will not be reelected.

Judgment affirmed.

Ault, J., and Cologne, J., concurred.

A petition for a rehearing was denied September 5, 1972, and appellants' petition for a hearing by the Supreme Court was denied October 18, 1972.

---

[1]Even though the districts contain equal numbers of voters, the process is not allowable. The equal protection clause requires districting on the basis of population and not registered voters, where using registered voters as a basis results in districts of varying populations (*Burns* v. *Richardson,* 384 U.S. 73, 92-93 [16 L.Ed.2d 376, 390-391, 86 S.Ct. 1286]).